## SHERBOURNE v. YUBA COUNTY.

A *quasi* corporation, such as a county, is not liable for the acts of officers or employés which it appoints in the exercise of a portion of the sovereign power of the State by the requirement of a public law, simply for the public benefit, and for a purpose from which the county, as a corporation, derives no benefit.

Thus, a county is not liable in damages to one who, while an inmate of the County Hospital, sustains injuries from unskillful treatment by the Resident Physician, or from the failure on the part of the officers of the hospital to supply sufficient and wholesome food.

APPEAL from the Tenth Judicial District.

The complaint avers that on the seventeenth day of April, 1860, plaintiff, while a resident of Yuba County, had his leg broken by an accidental fall, and that being an indigent person he applied as such for admission to the County Hospital of said county, and was in due form admitted thereto as a patient; that during his stay in the hospital he was not furnished with sufficient food, and such as he did receive was unwholesome; that the bed furnished him was filthy and unclean; that he did not receive proper care from the attendants; that the treatment of his broken limb by the physician was grossly negligent and unskillful, and that as a result he suffered much unnecessary pain and is now a cripple for life, while with proper treatment he would have entirely recovered from the effects of the fracture; that from this negligent and unskillful treatment he has sustained damages in the sum of $30,000, for which the county is liable; that he presented his demand for this amount to the Board of Supervisors of the county, by whom it was rejected, and prays judgment for the said sum of $30,000.

The complaint was demurred to, on the ground that it did not state facts sufficient to constitute a cause of action.    The demurrer was sustained, and judgment given for defendant, from which plaintiff appeals.

*C. E. DeLong,* for Appellant, made the following points:

I.    Counties and like public corporations are subject to legislative control, and by statute may be made liable to the performance of duties such as one imposed by the laws concerning county hospitals.    (*Coles* v. *The County of Madison,* Bre. 120.)

II.    Counties may be sued *in tort* as well as in contract. (*McCann* v. *Sierra County,* 7 Cal. 124.)

III.    The County of Yuba was bound by law to maintain its indigent sick and provide for them proper sustenance and skillful medical treatment.    (Stat. of 1854, 131; Id. 1855, 67; Id. 1856, 69; Id. 1860, 191.)

IV.    A municipal corporation, failing in the discharge of a duty imposed upon it by law, is liable in damages to one sustaining injury thereby.    (4 Hill, 531; Just. 703; Cowp. 79; *Milede* v. *New Orleans,* 12 La. An. 15; *Rochester White Lead Co.* v. *The City of Rochester,* 3 Comst. 463.)

*F. L. Hatch, District Attorney,* for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The plaintiff in this action seeks to recover compensation from the county of Yuba for the damage which he sustained by reason of the unskillful treatment he received from the Resident Physician, and the insufficient and unwholesome food and other necessaries supplied him while in the County Hospital as an indigent sick person.

A demurrer to the complaint was sustained by the Court below, and from the judgment the plaintiff has appealed.

The plaintiff insists that the county is required by law to provide for its indigent sick in a suitable manner, and is liable to an action for the misfeasance of its employés.    No case has been cited to us in which such an action has been sustained; nor do we think this action can be sustained upon principle.    Private corporations and

municipal corporations may be liable for the acts of their employés, of whom they have the appointment and supervision, and when the duty to be performed is for the benefit of the corporation. But a *quasi* corporation, like a county, is not liable for the acts of officers or employés which it appoints in the exercise of a portion of the sovereign power of the State, by the requirements of a public law, and simply for the public benefit, and for a purpose from which the county, as a corporation, derives no benefit. (*Fowle* v. *The Common Council of Alexandria*, 3 Pet. 398; *The Mayor, etc., of N. Y.* v. *Bailey*, 3 Hill, 531, and cases cited by Senator Hand at pp. 447, 448.)

Judgment affirmed.