[Civ. No. 12146. First Dist., Div. One. June 5, 1942.]

EVA GORE et al., Respondents, v. JOSEPH W. BINGA-MAN, as Trustee, etc., et al., Defendants; MAUDE A. DOBINSON EMSLEY, Appellant.

Fitzgerald, Abbott & Beardsley for Appellant.

Weinmann, Quayle & Berry and George Olshausen for Respondents.

WARD, J.—This appeal (being the second taken in the case) was transferred to this court by the Supreme Court. (*Gore* v. *Bingaman,* 20 Cal. (2d) 118 [124 P. (2d) 17].)

The original judgment was rendered by the Superior Court of Alameda County, and an appeal being taken, this court rendered its decision thereon, reversing the judgment of the trial court, and ordering judgment to be entered for plaintiffs. (*Gore* v. *Bingaman,* 29 Cal. App. (2d) 460 [85 P. (2d) 172].) A rehearing was denied and an application to have the cause determined by the Supreme Court was also denied. Thereupon the remittitur was duly issued, and judgment after remittitur entered by the trial court as directed. The plaintiffs were appellants on that appeal.

The present appeal is prosecuted by defendant upon the theory "that, since the District Court of Appeal had no jurisdiction of the subject-matter of the former appeal, its purported judgment of reversal and direction were, and each of them was, wholly void. It is prosecuted upon the further theory that the second judgment rendered by the superior court, namely, the judgment from which this appeal is prosecuted, being in turn wholly dependent upon the validity of said void judgment rendered by the District Court of Appeal, was in turn rendered by a court that had no jurisdiction whatever . . ., either to set aside said judgment in favor of appellant, or to render said second judgment against the appellant and in favor of the plaintiffs."

This contention is fully answered in *Gore* v. *Bingaman,* 20 Cal. (2d) 118, 122 [124 P. (2d) 17], which disposes of the jurisdictional question as follows: ". . . the doctrine of law of the case will be applied to decisions of the District Courts of Appeal after those decisions have become final." This upon the theory that in the first appeal the question of jurisdiction was not raised; that no application was made for transfer of the cause to the Supreme Court before decision and that the application for hearing before the Supreme Court did not recite that jurisdiction was not vested in the District Court of Appeal. While there are certain exceptions to the rule, this appeal, as noted in *Gore* v. *Bingaman,* 20 Cal. (2d) 123 [124 P. (2d) 17], does not come within them.

No question is now raised that the judgment as entered did not follow the remittitur.

In the Supreme Court and in oral argument before this court the attorney for appellant conceded that the judgment entered by the trial court was in exact accordance with the

instructions of this court on the prior appeal. The sole point now urged by appellant is that the original decision of this court was erroneous and should not be held to be res judicata on this appeal. The point is without merit. (*Gore* v. *Bingaman, supra,* page 118.)

The judgment appealed from is affirmed.

Peters, P. J., and Knight, J., concurred.