[Civ. No. 14747. First Dist., Div. Two. May 21, 1951.]

ROY LATHAM, Appellant, v. SANTA CLARA COUNTY HOSPITAL et al., Respondents.

Emmett R. Burns and Edward A. Friend for Appellant.

Bronson, Bronson & McKinnon and Howard W. Campen, County Counsel, for Respondents.

DOOLING, J.—This appeal presents a question in the field of governmental liability for tort. That the law on the general subject, both by legislative and judicial action, is being extended in favor of such liability needs no elaboration. (See the excellent discussion of the subject in *People* v. *Superior Court,* 29 Cal.2d 754, 756-762 [178 P.2d 1].) The tendency both by legislation and judicial decision has been to enlarge the field of governmental liability. Nevertheless in this case we feel constrained both by the precedent of earlier decisions in the particular area of governmental activity involved and by reason of the legislative action in enacting section 203.5, Welfare and Institutions Code, in 1947 (Stats. 1947, p. 2974) to hold once again that there can be no liability imposed upon a county or its board of supervisors for negligent injury incurred by any patient in a county hospital.

The earliest decision on the subject in this state is *Sherbourne* v. *Yuba County,* 21 Cal. 113 [81 Am.Dec. 151]. This was followed, in point of time by *Davie* v. *Board of Regents of U. of C.,* 66 Cal.App. 693 [227 P. 243]. The Sherbourne case held that in caring for an indigent in a county hospital the county was performing a governmental function and could not be held liable for tortious injury to the patient. The Davie case applied the same rule to the University of California in a case in which a student was tortiously injured while a patient in the university infirmary.

Next in point of time comes *Goodall* v. *Brite,* 11 Cal.App.2d 540 [54 P.2d 510]. Not a tort case, this was a taxpayer's action to enjoin the county board of supervisors from admitting certain classes of patients to the county hospital. In that case the court held that the county hospital might legally only receive patients who by reason of inability to pay the rates charged at private hospitals in the vicinity might be deprived of hospitalization if they were not treated in the county hospital. The court expressly reserved the question of the right to receive patients into a county hospital without regard

to ability to pay where there were no other hospital facilities "within a reasonable distance." (11 Cal.App.2d 543.)

In *Calkins* v. *Newton*, 36 Cal.App.2d 262 [97 P.2d 523], a tort case, the complaint expressly alleged that there were no other hospital facilities in the county, that plaintiff had entered the county hospital as a paying patient and that the hospital was operated at a profit. The court, in holding that no cause of action was stated against the county, first decided the question left open in the case of *Goodall* v. *Brite, supra*, saying (after referring to the allegation that no other hospital facilities were available in the vicinity): "Under such circumstances it is proper for the county to furnish the service to such persons . . . because they are in the same situation as the indigent sick in that they cannot obtain the care they need regardless of their ability to pay for it. . . . Such powers, so exercised, are governmental in their character." (36 Cal.App.2d 266.)

The court concluded that under the statutory provisions governing the operation of county hospitals in California such hospitals cannot legally be operated in a proprietary capacity, saying:

"In view of these decisions we are not inclined to hold that liability for negligence might not exist as against a county if the legislature empowered it to engage in the hospital business. . . . But we do not find such authority in the laws which relate to county hospitals in this state. Here, the operation of the hospital is governmental. . . .

"The imposition of a charge for service is not inconsistent with the exercise of a governmental function. (Citing cases.) Nor is the fact that the county general hospital was operated at a profit controlling. A county is authorized only to furnish hospitalization to those persons within the county who cannot secure it elsewhere. The county can charge only the cost of service. The board of supervisors has not the power, merely by disregarding the limitations in the law, to admit patients who are not entitled to the service or to charge the persons who should have the service an excessive fee. A governmental agency does not incur liability for negligence by doing an act which is *ultra vires*." (36 Cal.App.2d 267-268.)

The same principle was again announced in *Griffin* v. *County of Colusa*, 44 Cal.App.2d 915 [113 P.2d 270]. In all three of the last cited cases a hearing was denied by the Supreme Court.

Appellant argues that these cases do not control where

the county hospital accepts full-paying patients in competition with private hospitals in the vicinity. This disregards the holdings in *Goodall* v. *Brite, supra,* and *Calkins* v. *Newton, supra,* that "(a) county is authorized only to furnish hospitalization to those persons . . . who cannot secure it elsewhere."

Appellant cites section 203.5, Welfare and Institutions Code, in support of its claim that county hospitals may now accept patients able to pay full rates in competition with private hospitals. That section, adopted in 1947, so far as material, reads:

"The board of supervisors . . . may fix the rates to be charged patients admitted to any county hospital. . . . The board . . . may adjust or compromise hospital charges according to the financial condition of the patient, his estate, or legally responsible relatives. . . .

"Nothing contained in this section shall in any way affect or modify the provisions of Sections 200 to 203, inclusive, of this code, nor . . . be construed as an *enlargement or modification of existing provisions of law relating to the admissibility of persons to any county hospital.*" (Italics ours.)

The Legislature is presumed to know the decisions of the courts construing the statute which it is amending. (23 Cal.Jur. pp. 795-796.) The italicized language of section 203.5 can have no other purpose than to make clear that the Legislature intended that county hospitals could not move from the governmental to the proprietary field by admitting patients who were in a position to secure the same service in private institutions.

We cannot follow appellant's arguments that the hospital had ostensible authority to enter the proprietary field by admitting patients able to pay the full rate or that it is estopped to deny that it had that authority. As succinctly said in *Calkins* v. *Newton, supra*: "A governmental agency does not incur liability for negligence by doing an act which is *ultra vires.*" (36 Cal.App.2d 268; see *County of San Diego* v. *California Water etc. Co.,* 30 Cal.2d 817, 825-826 [186 P.2d 124, 175 A.L.R. 747] ; *Miller* v. *McKinnon,* 20 Cal.2d 83, 90 et seq. [124 P.2d 34, 140 A.L.R. 570].)

*Beard* v. *City & County of San Francisco,* 79 Cal.App.2d 753 [180 P.2d 744], went no further than to hold that a consolidated city and county might, in its *municipal* capacity *as a city,* conduct a proprietary hospital.

Much as we may deplore a rule of law which deprives the indigent, who are least able to bear the loss, along with the wealthy, if they are admitted to a county hospital as patients, of recourse against the county for tortious injuries therein received, an intermediate appellate court must accept the settled law as it finds it. ▋ The demurrer was properly sustained to this complaint which counted on tortious injuries received by a patient in a county hospital.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied June 20, 1951, and appellant's petition for a hearing by the Supreme Court was denied July 19, 1951. Carter, J., and Schauer, J., voted for a hearing.