[Civ. No. 9241.   Third Dist.   Jan. 17, 1958.]

IRA VERGIL GROVE, Appellant, v. COUNTY OF SAN JOAQUIN et al., Respondents.

Van Dyke & Shaw for Appellant.

Honey, Mayall & Hurley for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of the county of San Joaquin entered after the court had sustained the defendant county's demurrer to plaintiff's complaint without leave to amend. The appeal is taken on the judgment roll and concerns only the judgment for the county.

The complaint alleged that the plaintiff sustained personal injuries while confined in the county jail of the county of San Joaquin as the proximate result of the negligence of the defendant county in that said county disregarded its duty to properly maintain and construct a jail so that it could safely accommodate the number of prisoners confined therein; that the county failed to supply personnel in sufficient number to

*Assigned by Chairman of Judicial Council.

properly supervise the number of men confined therein; that said condition has existed for several years, and that the jail was and is wholly inadequate for the confinement and occupancy of the prisoners confined therein; that said persons, including the plaintiff, were compelled to occupy cells under congested conditions rendering proper supervision and control virtually impossible with the number of agents placed therein by the county for the supervision and protection of the prisoners from each other and as a result of said failure to exercise its duties set forth therein, the plaintiff without provocation was attacked and beaten by a prisoner, the defendant, Archie Hill, resulting in serious and permanent injuries to the plaintiff; that the plaintiff's injuries could have been prevented had not the conditions mentioned existed. It is further alleged that the conditions mentioned were well known to the county for several years prior to the date of plaintiff's injury.

Appellant contends that a cause of action has been pleaded against the county of San Joaquin under section 53051 of the Government Code (formerly the Public Liability Act) which states: ''A local agency is liable for injuries to persons . . . resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition: (a) Had knowledge or notice of the defective or dangerous condition. (b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition.''

In support of his contention that the county was liable under the provisions of said section of the Government Code, appellant relies heavily upon *Bauman* v. *San Francisco*, 42 Cal.App. 2d 144 [108 P.2d 989], and *Huff* v. *Compton City Grammar School Dist.*, 92 Cal.App. 44 [267 P. 918], which held that a dangerous and defective condition of public property can be created by the use or general plan of operation of government property as well as by a structural defect in the property. Both cases are different on their facts. In the Bauman case a child in a playground was injured when struck by a batted ball. In the Huff case a school child was injured when fire escaping from an incinerator located on the schoolground ignited her dress. The dangerous condition in the Bauman case was due to persons playing hard ball too close to sandboxes where young children played. The accident happened on a public playground. In the Huff case the dangerous

condition was due to having an unguarded incinerator in an area of the schoolyard frequented by school children and was the dangerous and defective condition complained of. In the instant case there was no structural defect nor was the use or general plan of operating the jail the cause of plaintiff's injury.

The maintenance and operation of a jail, whether by a municipality or a county, is purely a governmental function. (18 McQuillin, "Municipal Corporations" 396, § 53.94; *Oppenheimer* v. *City of Los Angeles,* 104 Cal.App.2d 545 [232 P.2d 26] ; *Bryant* v. *County of Monterey,* 125 Cal.App.2d 470, 473 [270 P.2d 897].)

In the Bryant case, *supra,* the plaintiff alleged that he was lawfully incarcerated in the Monterey County jail where he came under the care of the defendant; that there existed at the time in the jail where he was confined an illegal "kangaroo court," the existence of which was known to the defendant's agents, and that he was severely beaten and kicked by the prisoners operating the kangaroo court. A second cause of action was alleged based upon failure to provide medical treatment. The plaintiff based his case solely upon the Public Liability Act and referred to various sections of the Penal Code which made it unlawful to permit kangaroo courts in jails, and also various other regulations concerning county jails and persons in charge of such jails. The county's demurrer, like the demurrer in the instant case, was sustained without leave to amend, and judgment was entered for the county. The judgment was affirmed on appeal. We feel that the law stated in the Bryant case is controlling in this appeal.

In the instant case the complaint clearly indicates that the plaintiff's injuries were not due to any physical or defective condition of the jail itself or to any general plan of use in operating it but rather to an unprovoked beating administered by a fellow prisoner.

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.