[Civ. No. 9491.  Third Dist.  Dec. 30, 1958.]

LLOYD H. DURST, Appellant, v. COUNTY OF COLUSA, Respondent.

Herron & Winn and James J. Jones, Jr., for Appellant.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein as Amici Curiae on behalf of Appellant.

Donald W. Littlejohn, District Attorney, and Rich, Fuidge & Dawson for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of the defendant county in an action to recover damages for personal injuries alleged to have resulted from the negligence of the defendant's agent in caring for plaintiff while he was a patient at the defendant's hospital. The judgment was entered upon the sustaining of a demurrer to plaintiff's complaint without leave to amend.

The complaint alleges that the defendant is a body corporate and politic being a subdivision of the State of California, and at all times maintained and operated Colusa County Memorial Hospital; that at all times relevant to this action defendant employed a laboratory technician, who was acting within the scope of his employment; that plaintiff was a private paying patient for the purpose of receiving blood transfusions; that the plaintiff's blood was examined and typed by defendant,

*Assigned by Chairman of Judicial Council.

and blood transfusions were given to plaintiff by defendant. It is further alleged that defendant so negligently and carelessly examined plaintiff and so negligently and carelessly administered and performed the blood transfusions that the plaintiff was caused to and did receive blood transfusions of a type other than that of plaintiff's, and as a result thereof plaintiff sustained personal injuries. The complaint also alleges compliance with the various claim statutes prior to the commencement of this action, that is filing a verified claim against the defendant county within the time allowed by law, etc., and the rejection thereof by the board of supervisors of said county.

Such a cause of action does not lie against a county. (*Griffin* v. *County of Colusa*, 44 Cal.App.2d 915 [113 P.2d 270]; *Calkins* v. *Newton*, 36 Cal.App.2d 262 [97 P.2d 523]; *Latham* v. *Santa Clara County Hospital*, 104 Cal.App.2d 336 [231 P.2d 513].) Not only did the Supreme Court not see fit to grant a hearing in any of the cited cases, but it has given express approval to the rule of sovereign immunity enunciated therein. (*Talley* v. *Northern San Diego Hospital Dist.*, 41 Cal.2d 33, 39 [257 P.2d 22].)

In his brief plaintiff recognizes the fact that the latest cases which have been decided by the Supreme Court of this state have taken the position that the operation of a county hospital is a governmental function, and that governmental immunity attaches to such operation with the result that the counties have not been held responsible for negligence in the care or treatment of patients in county hospitals. However, he contends that those decisions are unrealistic and unjust and should be overruled. While some appellate courts, on reaffirming the rule, have criticized the doctrine as being outmoded and unjust, relief must be secured from the Supreme Court or the Legislature and not from an intermediate court that is bound by prior decisions.

As a further contention appellant attempts to evade the force and effect of the doctrine of sovereign immunity cited in the hereinabove mentioned cases. He alleges that defendant county is not cloaked with sovereign immunity from liability under the factual situation in this case since it employed an incompetent and unlicensed technician to perform laboratory tests and thereby created a dangerous and defective condition of public property for which it is liable under section 53051 of the Government Code. There is no merit in this contention.

It clearly appears to us that under the allegations of plaintiff's complaint no dangerous or defective condition of public property is involved. The action is one based on negligence of one of defendant's employees acting within the scope of his employment. Such an action does not come within any of the provisions of section 53051. ▮ A county is not liable in the absence of a statute for damages resulting from the negligence of its employees while performing a governmental function. (*Morrison* v. *Smith Bros., Inc.*, 211 Cal. 36 [293 P. 53] ; *Hanson* v. *City of Los Angeles*, 63 Cal.App.2d 426 [147 P.2d 109] ; *Fox* v. *City of Pasadena*, 78 F.2d 948; *Brown-Crummer Inv. Co.* v. *City of Burbank*, 17 F.Supp. 469.)
▮ Nor is the imposition of a charge for services by the county hospital inconsistent with the exercise of governmental functions. (*Calkins* v. *Newton, supra*; *Latham* v. *Santa Clara County Hospital, supra*.)

Further this court rejected a like contention in an analogous situation in the case of *Grove* v. *County of San Joaquin*, 156 Cal.App.2d 808 [320 P.2d 161]. In that case, as in the instant case, the complaint indicated that the plaintiff's injuries were not due to any defective condition of public property, a jail, or any general plan of use in operating it.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 25, 1959. Traynor, J., was of the opinion that the petition should be granted.