[Civ. No. 9736.   Third Dist.   Feb. 4, 1960.]

MARIE INGRAM, Appellant, v. COUNTY OF GLENN et al., Respondents.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Appellant.

Price & Morony for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of respondents in an action whereby appellant sought to recover damages for personal injuries alleged to have been suffered as the proximate result of the negligence of the re-

*Assigned by Chairman of Judicial Council.

spondents while she was a patient in the hospital of respondent county. The judgment was entered after appellant elected not to amend her complaint to which a demurrer had been sustained with leave to amend.

The complaint in substance alleges that the appellant was a patient in the Glenn General Hospital, which was being operated by the county of Glenn, a subdivision of the state of California; that the respondent Albert O. Pugatch was employed by, and acted as the superintendent of, said hospital; that on or about the 29th day of March, 1958, while appellant was a paying patient in said hospital, and as the result of the negligence of respondents, she was examined by a male person, whose identity is unknown, who then and there committed unlawful, indecent and lewd acts upon the person of appellant, which thereby caused the injuries and damages as alleged in her complaint. It is further alleged that said hospital was not "engaged in a purely governmental activity."

Again, as we said in *Durst* v. *County of Colusa,* 166 Cal. App.2d 623 [333 P.2d 789] (hearing denied by the Supreme Court), at page 625: "Such a cause of action does not lie against a county. (*Griffin* v. *County of Colusa,* 44 Cal.App.2d 915 [113 P.2d 270]; *Calkins* v. *Newton,* 36 Cal.App.2d 262 [97 P.2d 523]; *Latham* v. *Santa Clara County Hospital,* 104 Cal. App.2d 336 [231 P.2d 513].) Not only did the Supreme Court not see fit to grant a hearing in any of the cited cases, but it has given express approval to the rule of sovereign immunity enunciated therein. (*Talley* v. *Northern San Diego Hospital Dist.,* 41 Cal.2d 33, 39 [257 P.2d 22].)"

Contrary to the rule in this state, appellant strongly urges that the imposition of a charge for service by a county hospital is inconsistent with the exercise of a governmental function and therefore the rule of governmental immunity under such circumstances does not apply. She relies upon such cases as *Guidi* v. *State,* 41 Cal.2d 623 [262 P.2d 3] and *Pianka* v. *State,* 46 Cal.2d 208 [293 P.2d 458]. There is no merit in this contention. The imposition of a charge is not inconsistent with the exercise of a governmental function where the activity is one for public health and safety. County hospitals fall within such classification. As said in the Talley case, *supra,* at page 39: ". . . County hospitals may charge patients for hospitalization and medical care (Welf. & Inst. Code, § 203.5); are supported by taxation (Welf. & Inst. Code, § 200); and tend to promote the public health and welfare (Welf. & Inst. Code, § 203). The cases have uniformly

held that county hospitals are exercising governmental functions and that the counties are not liable for the negligence of employees toward patients therein. [Citing many cases, including *Griffin* v. *County of Colusa, supra*; *Calkins* v. *Newton, supra*; and *Latham* v. *Santa Clara County Hospital, supra*.]" On the other hand, the activity in the Guidi case, *supra*, was not for the benefit of the public health and safety but for amusement, entertainment or gain which is not governmental in nature but proprietary and thus subject to a claim or action for personal injuries due to negligence.

As to the respondent Pugatch appellant relies on *Davis* v. *Kendrick*, 52 Cal.2d 517 [342 P.2d 261], which reiterates the rule in *Appier* v. *Hayes*, 51 Cal.App.2d 111 [124 P.2d 125], that under common law policemen and other peace officers are not immune from liability for wrongful acts causing personal injury or death. In the instant case the complaint does not allege that Pugatch committed any wrongful act causing personal injury to appellant. It merely alleges that he negligently failed to take precautions to prevent unauthorized persons from entering the rooms of patients.

The demurrer was properly sustained. (*Griffin* v. *County of Colusa, supra*.)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.