[Civ. No. 9836.   Third Dist.   Feb. 24, 1960.]

COUNTY OF BUTTE, Petitioner v. SUPERIOR COURT
    OF BUTTE COUNTY, Respondent; CARL L. OVER-
    STREET et al., Real Parties in Interest.

Price & Morony, Grayson Price, Jean Morony and Charles
H. Andrews for Petitioner.

No appearance for Respondent.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barce-
loux & Goldstein for Real Parties in Interest.

PEEK, J.—This proceeding arises out of an action for
damages for the alleged wrongful death of one Robert Over-
street while a patient at the Butte County Hospital. The
first count of the complaint charged negligence in the treat-
ment of decedent. The second count charged that the county
failed to provide adequate facilities, and the third count
charged that there was a dangerous and defective condition of
public property in that there was no suitable oxygen tent
available in the hospital. The county's demurrer to the com-
plaint was overruled, and it thereupon applied to this court
for a writ of prohibition to prevent the respondent court from
proceeding any further in said action.

The trial court in overruling the demurrer predicated

its order entirely upon the premises that: The allegations of the complaint that the hospital is operated by the county as a proprietary business for compensation equal to or in excess of the cost of care provided and that the decedent entered the hospital as a paying patient will sustain a cause of action. Thus the sole question for determination by this court is whether the so-called doctrine of sovereign immunity attaches as a matter of law to the situation presented by the admitted allegations of the complaint. The precise question raised in the present proceeding was before this court in the recent case of *Durst* v. *County of Colusa*, 166 Cal.App.2d 623 [333 P.2d 789]. (See also *Griffin* v. *County of Colusa*, 44 Cal.App.2d 915 [113 P.2d 270], and *Ingram* v. *County of Glenn*, 177 Cal.App.2d 649 [2 Cal.Rptr. 304].) There a judgment entered following an order sustaining a demurrer without leave to amend was sustained on appeal. We find nothing in the record before us in the present proceeding which would in any way alter the rule as set forth in the Durst case, to which reference is made for a more detailed statement thereof.

"Much as we may deplore a rule of law which deprives the indigent, who are least able to bear the loss, along with the wealthy, if they are admitted to a county hospital as patients, of recourse against the county for tortious injuries therein received, an intermediate appellate court must accept the settled law as it finds it." (*Latham* v. *Santa Clara County Hospital*, 104 Cal.App.2d 336, 340 [231 P.2d 513]; see also *Madison* v. *City & County of San Francisco*, 106 Cal.App.2d 232 [234 P.2d 995, 236 P.2d 141], and particularly the concurring opinion by Peters, P. J., and Bray, J.)

Let the writ issue.

Van Dyke, P. J., and Schottky, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied April 20, 1960. Traynor, J., and Peters, J., were of the opinion that the petition should be granted.