[Sac. No. 7368. In Bank. Apr. 4, 1962.]

CARL L. OVERSTREET, a Minor, etc., et al., Plaintiffs and Appellants, v. THE COUNTY OF BUTTE et al., Defendants and Respondents.

_____

* Assigned by Chairman of Judicial Council.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Reginald M. Watt for Plaintiffs and Appellants.

Price & Morony, Grayson Price, Jean Morony and Charles H. Andrews for Defendants and Respondents.

Harold W. Kennedy, County Counsel (Los Angeles), Lloyd S. Davis, Deputy County Counsel, Roger Arnebergh, City Attorney (Los Angeles), and Bourke Jones, Assistant City Attorney, as Amici Curiae on behalf of Defendants and Respondents.

GIBSON, C. J.—Plaintiffs, the widow and children of Robert Overstreet, brought this action for damages for wrongful death against the County of Butte and its employee, Ernest W. Ely. A demurrer by the county was overruled, and it sought a writ of prohibition from the District Court of Appeal. The writ was issued upon the ground that the action was barred by the doctrine of governmental immunity, and it commanded the superior court to dismiss the action. (*County*

*of Butte* v. *Superior Court,* 178 Cal.App.2d 310, 311 [2 Cal. Rptr. 913].)

A petition for hearing was denied by this court, and the writ was served upon the real parties in interest on April 29, 1960, and was filed in the superior court on May 5, 1960. On November 7, 1960, after motion by the county and Ely, the superior court ordered that the action be dismissed and that the clerk enter the dismissal. Plaintiffs have appealed from this order.[1]

We held in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], that the doctrine of governmental immunity could no longer be used to shield an entity of government from liability for torts for which its agents were liable. In *Corning Hospital Dist.* v. *Superior Court, ante,* p. 488 [20 Cal.Rptr. 621, 370 P.2d 325], decided this day, we hold that the 1961 legislation (Stats. 1961, ch. 1404) relating to the subject of our decision in *Muskopf* v. *Corning Hospital Dist.* merely suspended for a limited time and did not destroy causes of action arising prior to February 27, 1961, the date our decision in *Muskopf* v. *Corning Hospital Dist.* became final.

 Plaintiffs' appeal is based solely upon the theory that in view of these changes in the law their action is not barred by the doctrine of governmental immunity. We are satisfied that the judgment of the District Court of Appeal in the prohibition proceeding was a final determination of the immunity question with respect to the rights of plaintiffs and that they are precluded from raising it again.

 Where a proceeding in prohibition is determined on the merits and becomes final, the judgment is res judicata in later special proceedings involving the same parties and the same set of facts. (*Calhoun* v. *Superior Court,* 51 Cal.2d 257, 262 [331 P.2d 648]; *Reilley* v. *Police Court,* 194 Cal. 375, 377 [228 P. 860]; *McLaughlin* v. *McLaughlin,* 141 Cal.App.2d 494, 496 [296 P.2d 878].) This principle has been applied where the law controlling a case was changed in the period intervening between the affirmance of a judgment in a mandamus proceeding and the commencement of a subsequent mandamus proceeding. (*Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control,* 55 Cal.2d 728, 733 [13 Cal.Rptr. 104, 361 P.2d 712].)

---

[1] The wrongful death statute may be applied to the state and its political subdivisions where the action is not barred by the doctrine of governmental immunity. (*Flournoy* v. *State of California, ante,* p. 497 [20 Cal.Rptr. 627, 370 P.2d 331].)

■ In the analogous situation where a court is considering a case on appeal, it has the power to make a final disposition of the case by its own order or by directions to the trial court. (Code Civ. Proc., § 956a.)[2] If a decision on appeal directs that a specific judgment be entered by the trial court, that decision upon becoming final is res judicata in subsequent cases. (*Department of Water & Power* v. *Inyo Chemical Co.,* 16 Cal.2d 744, 750 [108 P.2d 410] ; *cf. Phillips* v. *Patterson,* 34 Cal.App.2d 481, 485 [93 P.2d 807].)

■ Where an appellate court directs a superior court to enter judgment denying relief, it is beyond the jurisdiction of the superior court to allow amended pleadings or retry the case. (*Rice* v. *Schmid,* 25 Cal.2d 259, 263 [153 P.2d 313].) And it has been held mandate will not lie to compel the superior court to enter its own judgment since the entry of the appellate court judgment in the minutes of the superior court fully protects the rights of the parties. (*Hampton* v. *Superior Court,* 38 Cal.2d 652, 654 [242 P.2d 1].)

■ A judgment by a trial court entered pursuant to directions of a judgment by an appellate court is, of course, appealable, but where the court which issued the directions had jurisdiction of the subject matter and of the parties, a second appeal is limited to questions arising from the action of the trial court which were not involved in the prior appeal, such as whether the judgment entered by the trial court complied with the directions of the appellate court. (*Gore* v. *Bingaman,* 20 Cal.2d 118, 119-120 [124 P.2d 17] ; *Gore* v. *Bingaman,* 52 Cal.App.2d 485, 487 [126 P.2d 462].)

■ It follows that res judicata is applicable where, as here, a judgment of the appellate court directed the superior court to dismiss the action and the judgment of the appellate court was entered in the minutes of the superior court.

The judgment is affirmed.

Schauer, J., McComb, J., Peters, J., White, J., Dooling, J., and Draper, J. pro tem.,* concurred.

---

[2]Section 956a of the Code of Civil Procedure provides in part that "... courts of appellate jurisdiction ... may give or direct the entry of any judgment or order and make such further or other order as the case may require. This section shall be liberally construed to the end, among others, that wherever possible causes may be finally disposed of by a single appeal and without further proceedings in the trial court, except where the interest of justice requires a new trial."

* Assigned by Chairman of Judicial Council.