Filed 2/29/16  Toups v. Chen CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JILL TOUPS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>HONG BING CHEN et al.,<br><br>        Defendants and Respondents. | A143309<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-10-498490) |

This is the second appeal involving Jill Toups's (Toups) action against Hong Bing Chen, Yao Li, and Afresh Enterprises, Inc. (collectively, defendants).  In the prior appeal, we reversed the trial court's order awarding summary judgment and/or summary adjudication in favor of Toups.  Thereafter, the trial court entered judgment in favor of defendants, and Toups now appeals from that judgment.  She does not challenge the trial court's rulings in any way but contends the judgment must be reversed because this court lacked jurisdiction to decide the *prior appeal*.  For the reasons set forth below, we shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

Toups filed an action against defendants on April 9, 2010, alleging that a third party engaged in fraudulent acts that resulted in damages to her and unjust enrichment to

---

[1]Detailed factual and procedural background summaries are included in our prior opinion in *Toups v. Chen et al*. (September 28, 2012, A133657) [nonpub. opn.].  To obtain context, maintain consistency and economize judicial resources, we hereby take judicial notice of our prior opinion.  (Evid. Code, § 451, subd. (a).)

1

defendants.  The operative complaint alleged six causes of action:  (1) unjust enrichment; (2) involuntary trust; (3) conversion; (4) intentional infliction of emotional distress; (5) negligence; and (6) violation of Penal Code, section 496, subdivision (c), receipt of stolen property.  Toups filed a "Motion for Summary Judgment and/or Summary Adjudication of the Plaintiff's First and Second Causes of Action," raising arguments only as to her first and second causes of action.  The trial court granted the motion and entered "Judgment" in favor of Toups, also making no mention of the third to sixth causes of action.  Toups filed a motion for attorney fees and costs, which the trial court denied.  Both parties appealed.

On appeal, we first questioned whether we had jurisdiction if the third to sixth causes of action remained, for an appeal cannot be taken from a judgment that fails to completely dispose of all causes of action between the parties.  The parties requested that we proceed with deciding the merits of the appeal, and stipulated to dismiss the third to sixth causes of action without prejudice and to toll the statute of limitations as to those causes of action.  Based on settled law, including *Don Jose's Restaurant Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115 (*Don Jose's*), that the parties' stipulation to dismiss remaining causes *without* prejudice and to toll the statute of limitations does not render a "Judgment" from which they appeal final and appealable, we declined to take jurisdiction based on the parties' stipulation.

Nevertheless, we exercised our discretion to address the merits of the appeal and cross-appeal on equitable principles, noting that "an appellate court has the power to ' " 'preserve [an] appeal by amending the judgment to reflect the manifest intent of the trial court' " ' when ' " 'the trial court's failure to dispose of all causes of action results from inadvertence or mistake rather than an intention to retain the remaining causes of action for trial." ' (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 308; see also *Prichard v. Liberty Mut. Ins. Co.* (2000) 84 Cal.App.4th 890, 901.)"  We concluded that the fact that Toups moved for "*Summary Judgment* and/or Summary Adjudication (emphasis added)" and obtained a "Judgment" under which she was awarded the entire disputed amount aside from attorney fees and costs, and the fact that she raised

arguments only as to the first two causes of action even though all of her causes of action were based on the same allegations, showed she intended to abandon the remaining causes of action. Defendants in turn addressed only the first and second causes of action, and the trial court evidently—and reasonably—deemed the remaining causes of action abandoned, as it did not sever those causes of action or retain jurisdiction over them, but rather, issued a "Judgment" and a writ of execution to enforce that judgment. We then turned to the merits of the appeal and reversed the trial court's order granting summary judgment in favor of Toups against defendants.

Thereafter, on September 18, 2014, the trial court entered judgment in favor of defendants. Toups filed a timely notice of appeal from that judgment.

## DISCUSSION

Toups's sole contention in this appeal is that the judgment must be reversed because this court lacked jurisdiction to decide the prior appeal. As noted, however, the parties briefed—and we fully addressed—the issue of jurisdiction in our prior appeal and exercised jurisdiction based on equitable principles. Toups did not seek review of our decision from the Supreme Court, and the remittitur issued on November 29, 2012. She cites no authority to support her position that she is entitled to a second opportunity to argue the issue of jurisdiction. In fact, it has been long settled that a "second appeal must be limited to questions arising from the action of the trial court which were not involved in the prior appeal." (*E.g.*, *Gore v. Bingaman* (1942) 20 Cal.2d 118, 120; *Overstreet v. County of Butte* (1962) 57 Cal.2d 504, 507.) Accordingly, she is precluded from challenging that determination at this time.

In any event, her contention lacks merit. She argues that we lacked jurisdiction in the prior appeal because the Supreme Court recently held in *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100 (*Kurwa*), that "a judgment that fails to dispose of all the causes of action pending between the parties is generally not appealable." In *Kurwa*, the Supreme Court addressed "whether an appeal may be taken when the judgment disposes of fewer than all the pled causes of action . . . and the parties agree to dismiss the remaining counts without prejudice and waive operation of the statute of limitations on those remaining

3

causes of action." (*Id*. at p. 1100.) The Supreme Court stated: "We conclude such a judgment is not appealable. As a line of Court of Appeal decisions beginning with *Don Jose's* . . . has recognized, the parties' agreement holding some causes of action in abeyance for possible future litigation after an appeal from the trial court's judgment on others renders the judgment interlocutory and precludes an appeal under the one final judgment rule." (*Ibid*.)

*Kurwa* is not in any way inconsistent with our decision in the prior appeal. In fact, we relied on the same case—*Don Jose's*—in reaching the same conclusion the Supreme Court did in *Kurwa*, i.e., that we cannot take jurisdiction over the appeal based on the parties' stipulation to dismiss the third to sixth causes of action without prejudice and to toll the statute of limitations as to those causes of action. As noted, we relied instead on *equitable principles* in exercising jurisdiction over the appeal. *Kurwa*, which did not address the issue of jurisdiction based on equitable principles, provides no support for Toups's position that we lacked jurisdiction over the prior appeal. The cases on which we relied in exercising jurisdiction based on equitable principles—*Sullivan v. Delta Air Lines, Inc.*, *supra*, 15 Cal.4th 288, and *Prichard v. Liberty Mut. Ins. Co.*, *supra*, 84 Cal.App.4th 890—are still good law, and Toups does not argue otherwise.

## DISPOSITION

The judgment is affirmed. Respondents/defendants Hong Bing Chen, Yao Li, and Afresh Enterprises, Inc., shall recover their costs on appeal.[2]

---

[2]Defendants argue in their respondents' brief that they are entitled to attorney fees and costs as sanctions for "being required to respond to this appeal since it is being brought without any legitimate basis." A respondent to an appeal cannot request sanctions in a brief; a separate motion is required. (Cal. Rules of Court, rule 8.276(a)(1).) We therefore deny defendants' request for attorney fees and costs as sanctions.

4

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Jenkins, J.