**Avi NAKASH, Joe Nakash, and Ralph Nakash, Plaintiffs–Appellants,**

**v.**

**Georges MARCIANO, Maurice Marciano, Armand Marciano, Paul Marciano, Defendants–Appellees.**

No. 88–5953.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 1989 *.

Decided June 6, 1989.

As Amended on Denial of Rehearing and Rehearing En Banc Aug. 23, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Thomas J. Nolan, Jones, Day, Reavis & Pogue, Los Angeles, Cal., for plaintiffs-appellants.

Frank Kaplan, Marshall B. Grossman, Robert A. Shlachter, John A. Schwimmer, Alschuler, Grossman & Pines, Los Angeles, Cal., for defendants-appellees.

Before SNEED, FARRIS and PREGERSON, Circuit Judges.

SNEED, Circuit Judge:

The Nakashes appeal the district court's order staying federal proceedings under the authority of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). We affirm.

## I.

### FACTS AND PROCEEDINGS BELOW

This proceeding is just one of many filed between these litigious parties.[1] The Nakashes (collectively referred to as Nakash) own Jordache Enterprises, a clothing designer and manufacturer. The Marcianos (collectively referred to as Marciano) are the founders of Guess?, Inc. (Guess), another clothing designer. In July 1983, Marciano executed a stock purchase agreement and sold a fifty-one percent interest in Guess to Nakash. The relationship of the parties deteriorated rapidly. In December 1983, Marciano sued in California federal court to have the purchase agreement rescinded. This action was settled and ultimately dismissed with prejudice in January 1984.

In November 1984, Marciano filed another complaint in California state court. *See Marciano v. Nakash*, No. C524347 (L.A. Sup.Ct. Nov. 1984). The suit involves numerous parties, including the present parties as well as numerous corporations and subsidiaries wholly or partly owned by either Jordache or Guess or their principals. The complaint alleges many causes of action, such as violation of state securities laws, fraud, breach of fiduciary duty, misappropriation of confidential proprietary information, unfair competition, trademark infringement, accounting, violation of the California Cartwright Act, and RICO violations, and it seeks a variety of remedies, such as rescission, reformation of contract, and the appointment of a provisional director and removal of directors. The disputes between the parties revolve around two categories of alleged wrongdoing.

---

1. In addition to the three suits discussed in this opinion, there are also cases between the parties pending in Hong Kong and Delaware.

First, Marciano challenges the original purchase agreement. Second, he complains that Nakash has used his access to Guess in order to unfairly benefit Jordache. Nakash filed a cross-complaint seeking the removal of certain directors on Guess' board and the appointment of a provisional director.

After the California suit was filed, that litigation proceeded. Appellees represent that 70 hearings have been held, almost 100 depositions have been taken, and 300,-000 documents produced. The state court has also issued numerous substantive orders.

In May 1985, the California court appointed a retired California judge, Hon. Richard Schauer, as a provisional director for Guess. Because some of the allegations raised in the cross-complaint are derivative, the court required Nakash to file a demand with the Guess board of directors. The Board then requested Schauer to investigate the allegations contained in Nakash's cross-complaint. Pending the outcome of that investigation, the district court stayed all proceedings involved in the Nakash cross-complaint.

In June 1988, almost five years after Marciano's federal suit, Nakash filed this action against Marciano in federal court. Suing in their individual capacity, the Nakashes alleged various RICO offenses, breach of contract, and breach of fiduciary duty. Nakash also seeks an injunction against the state court proceeding on the grounds that all of the issues in state court were decided in the first federal action. *See* 28 U.S.C. § 2283 (1982). The same day this suit was filed, Nakash dismissed his cross-complaint in state court, which contained many of the same causes of action raised in this action.

After a motion by Marciano, the district court stayed this "spin-off" federal litigation pending resolution by the state action. Nakash appealed.

## II.

### JURISDICTION

■ The district court had jurisdiction under 28 U.S.C. §§ 1331, 1332(a)(2) (1982). A district court's order staying a federal action under *Colorado River* is a final order for the purposes of 28 U.S.C. § 1291. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10, 103 S.Ct. 927, 934, 74 L.Ed.2d 765 (1983).

## III.

### STANDARD OF REVIEW

■ This court reviews the district court's abstention order for abuse of discretion. *See American Int'l Underwriters, (Phillipines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir.1988). "In abstention cases, 'discretion must be exercised within the narrow and specific limits prescribed....' Thus the district court judge in this case must have exercised discretion within the 'exceptional circumstances' limits of the *Colorado River* abstention doctrine." *Id.* (quoting *C–Y Develop. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir.1983)).

## IV.

### ANALYSIS

A. *The Preclusive Effect of the First Federal Action*

Before discussing the full reach of *Colorado River*, Nakash argues that abstention is inappropriate at least as to the claims for declaratory and injunctive relief. In his fifth cause of action, Nakash seeks an injunction against the California state court proceeding on the ground that the action is precluded by the first federal action. *See* 28 U.S.C. § 2283 (1982) (Anti–Injunction Act).[2]

The Anti–Injunction Act ordinarily prohibits federal courts from enjoining state proceedings except in certain limited cir-

---

**2.** In his amended complaint, Nakash requested the district court to enjoin the state proceedings as to eight specifically enumerated counts as well as "any [other] claim or cause of action" barred by the first federal action. Because this request was open-ended, we have not attempted to identify precisely the scope of injunctive relief Nakash sought.

cumstances. Nakash argues that in this case an injunction is authorized under the third exception, "to protect or effectuate" the judgment in the first federal action. *See id.; see also* 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4226, at 541–44 (2d ed. 1988) ("If the state action is an attempt to relitigate a claim that has been litigated in federal court, claim preclusion ... applies and the injunction may bar the state suit entirely." (footnote omitted)). Marciano's response is that the exception is inapplicable because the California courts previously adjudicated the preclusive effect of the first federal action. Under these circumstances, the federal court may not enjoin the state proceedings, the Marcianos contend.

They rely on *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 524–25, 106 S.Ct. 768, 775–76, 88 L.Ed.2d 877 (1986), in which the Supreme Court held that the Full Faith and Credit Act, 28 U.S.C. § 1738 (1982), prohibits a federal court from enjoining a state action if the state court has finally determined that the state claim is not precluded. *Accord* 17 C. Wright, A. Miller & E. Cooper, *supra,* § 4226, at 558 ("Once the state court has finally rejected an argument that a federal judgment has claim or issue preclusion effect, the state judgment, even if mistaken, must be given the same preclusive effect it would have in another court of the same state.").

*Parsons Steel* is controlling, says Marciano, because in the early stages of the *state* litigation, Nakash moved for summary judgment on the grounds that the settlement in the first *federal* action barred the state suit. The state judge ruled it did not. Nakash then sought a writ of mandate from the California Court of Appeals. The Court of Appeals denied the petition in a written opinion. *See Nakash v. Superior Court,* 196 Cal.App.3d 59, 62, 241 Cal.Rptr. 578, 579 (1987). Nakash answers by asserting that this ruling is not final and therefore the Full Faith and Credit Act does not preclude the issuance of the injunction by the federal court.

■■■ To the issue of finality, we now turn. All agree that the Full Faith and Credit Act requires that federal courts give the same preclusive effect to state court judgments as the state courts would. *See Parsons Steel,* 474 U.S. at 525, 106 S.Ct. at 776. Under California law, an order denying a motion for summary judgment, however, is not final and has no preclusive effect. *See, e.g., Lumbermens Mut. Casualty Co. v. Vaughn,* 199 Cal.App.3d 171, 177, 244 Cal.Rptr. 567, 571 (1988); *De La Pena v. Wolfe,* 177 Cal.App.3d 481, 485, 223 Cal.Rptr. 325, 327 (1986). In this case, however, Nakash sought a writ of mandate from the California Court of Appeals which the court denied in a written opinion rejecting Nakash' argument. When a court denies or grants an extraordinary writ with a written opinion, that decision "has ordinary res judicata effect." *Consumers Lobby Against Monopolies v. Public Utils. Comm'n,* 25 Cal.3d 891, 901 n. 3, 603 P.2d 41, 47 n. 3, 160 Cal.Rptr. 124, 130 n. 3 (1979); *accord Overstreet v. County of Butte,* 57 Cal.2d 504, 506, 370 P.2d 335, 337, 20 Cal.Rptr. 631, 633 (1962); *Hollywood Circle, Inc. v. Department of Alcoholic Beverage Control,* 55 Cal.2d 728, 733, 361 P.2d 712, 715, 13 Cal.Rptr. 104, 107 (1961) (in bank); 7 B. Witkin, "Judgment," *California Procedure* § 221, at 657 (3d ed.1985). Thus, Nakash is wrong about the California state court decision not being final.

Nakash falls back and argues that the California Court of Appeals' opinion cannot have any preclusive effect because motions for summary judgment can be renewed at any point. *See, e.g., Strick v. Superior Court,* 143 Cal.App.3d 916, 921, 192 Cal. Rptr. 314, 317 (1983). Thus, the opinion of the California Court of Appeals *cannot* be a final determination of the preclusion issue.

This is true but, while a party may be free to renew a motion for summary judgment, the California Superior Court in this case could not now conclude that the first federal action precludes the state litigation. That issue was finally and conclusively determined to the contrary by the California

Court of Appeals.[3] *Cf. Overstreet,* 57 Cal.2d at 507, 370 P.2d at 337, 20 Cal.Rptr. at 633 (superior court has no jurisdiction to allow amended pleadings and retry case when appellate court directs the entry of judgment).

■ Returning to *Parsons Steel,* we must give full faith and credit to the California Court of Appeal's determination that the settlement does not preclude the state proceeding.[4] Nakash was not entitled to injunctive relief.

### B. *The* Colorado River *Criteria*

We now turn to Nakash's challenge to the district court's application of *Colorado River. Colorado River* abstention[5] should be invoked only in "exceptional circumstances." *Moses Cone,* 460 U.S. at 19, 103 S.Ct. at 938. Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. This somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings. This doctrine "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)).

In *Colorado River* the Court examined four factors to determine whether staying proceedings was appropriate: (1) whether either court has assumed jurisdiction over a *res;* (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *See* 424 U.S. at 818, 96 S.Ct. at 1246–47. In *Moses Cone,* the Court articulated two more considerations: (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights. *See* 460 U.S. at 25–26, 103 S.Ct. at 941–42. "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *American Int'l Underwriters, (Phillipines), Inc. v. Continental Ins. Co.,* 843 F.2d 1253, 1257 (9th Cir. 1988) (quoting *Moses Cone,* 460 U.S. at 16, 103 S.Ct. at 937).

■ A majority of relevant factors[6] support a stay in this case. Permitting this suit to continue would undeniably result in piecemeal litigation. The state case has progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed. Further, Nakash has not suggested any reason why the state court cannot adequately protect his rights.[7]

**3.** Nakash' reliance on *Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987), is misplaced. In that case, the defendant sought an injunction in federal court after the state court refused to grant summary judgment on the grounds that a prior federal judgment precluded the subsequent state action. The Second Circuit held that because the state court would not finally decide the preclusion issue until a full trial on the merits, the federal district court was free to grant an injunction. *See id.* at 641–42. Here, by contrast, the California Court of Appeals has finally determined the preclusive effect of the first federal judgment.

**4.** Because we conclude that the California Court of Appeals opinion was a final determination of the claim preclusion issue, we need not reach appellees' further contention that the opinion is the law of the case. *See First Ala. Bank v. Parsons Steel, Inc.,* 825 F.2d 1475, 1480 (11th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1015, 98 L.Ed.2d 980 (1988).

**5.** Although commonly referred to as an abstention doctrine, the Supreme Court has flatly rejected this categorization. *See* 17A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4247, at 150–51 (2d ed. 1988).

**6.** Some of the factors identified by the Court are irrelevant to this case. There is no *res* in the control of either court and the forums are equally convenient.

**7.** Plaintiffs argue that the California courts cannot adequately protect their rights because they cannot grant the injunctive relief requested in their fifth cause of action. We have already concluded that the Full Faith and Credit Act bars this cause of action.

Nakash also challenges the district court's statement that if the plaintiffs were dissatisfied or concerned about the ability of the state courts to protect them, they should have removed the case to federal court. Whether a party could remove a case to federal court is

■ As to the question of whether state or federal law applies, the district court found that California law would control most of the plaintiffs' claims excluding the RICO allegation. While the presence of state law issues will rarely be sufficient alone to warrant abstention, "the presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." *Moses Cone*, 460 U.S. at 26, 103 S.Ct. at 942. The presence of the plaintiffs' RICO claims suggests that the federal court should exercise jurisdiction. However, in this circuit, state courts have concurrent jurisdiction over RICO claims and therefore the California court may resolve these claims. *See Lou v. Belzberg*, 834 F.2d 730, 738 (9th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). If the state and federal courts have concurrent jurisdiction over a claim, this factor becomes less significant. *See Moses Cone*, 460 U.S. at 25, 103 S.Ct. at 941–42.

Next, both parties suggest other factors this court should consider in determining whether abstention is appropriate. Consistent with its emphasis on a flexible approach, the Supreme Court has recognized its list is not exclusive and that other factors could be considered. *See id.* at 16, 103 S.Ct. at 937. Nakash argues that abstention is inappropriate unless there is a "parallel state proceeding." The genesis and rationale of this requirement are unclear, although the Supreme Court used similar language in *Moses Cone*. *See id.* at 18 n. 20, 103 S.Ct. at 937 n. 20 ("[T]he vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to parallel state litigation. . . ."). This court has never considered or referred to this particular factor although a number of other circuits have.

Nakash argues that there is no parallel state proceeding because the parties in the state and federal suits are not identical and

because the claims raised in this suit are personal actions while those raised in their cross-complaint are derivative actions. *See RepublicBank Dallas, Nat'l Assoc. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (per curiam) (parallel actions are those involving the same parties and issues); *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir.1984) (no parallel state proceedings when different defendants named and federal complaint included more allegations).

Specifically, Nakash argues that the focus of the two actions is quite different. The state action focuses on the Nakash's wrongdoing while their complaint alleges wrongdoing by the Marcianos. *See Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir.1986) (abstention inappropriate even though both state and federal actions involved the same construction project, because federal action included one cause of action not in state suit). In addition, the RICO claims are not involved in the state action.

■ We agree that exact parallelism does not exist, but it is not required. It is enough if the two proceedings are "substantially similar." *See, e.g., Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988); *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir.1985); *see Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir.1985).

After reviewing the pleadings in these cases, we conclude that the two actions are substantially similar. All of these disputes concern how the respective parties have conducted themselves since Nakash purchased a portion of Guess. Nakash's attempts to distinguish between the two actions is unavailing. Nakash's further argument that the parties are not identical is disingenuous. The present parties are all named in the California suit; the only dif-

irrelevant to the abstention analysis. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 1144, 99 L.Ed.2d 296 (1988).

ference is the absence of all of the corporate entities owned and operated by the parties. We should be particularly reluctant to find that the actions are not parallel when the federal action is but a "spin-off" of more comprehensive state litigation. *See Lumen Constr.*, 780 F.2d at 695-96; *Calvert Fire Ins. Co. v. American Mut. Reins. Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979). We hold that these actions are substantially similar. Our conclusion is not altered by the fact that Nakash voluntarily dismissed his cross-complaint in state court.

The final factor to consider is whether the second suit by Nakash is an attempt to forum shop or avoid adverse rulings by the state court. *See American Int'l Underwriters*, 843 F.2d at 1259; *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309-10 (1st Cir.1986); *Telesco*, 765 F.2d at 363. This factor weighs strongly in favor of abstention. Apparently, after three and one-half years, Nakash has become dissatisfied with the state court and now seeks a new forum for their claims. We have no interest in encouraging this practice.

We, therefore, hold that the district court did not abuse its discretion in abstaining.

AFFIRMED.

Each party shall bear its own costs on appeal.