942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NEW ALASKA DEVELOPMENT CORPORATION, a New York Corporation,
Plaintiff-Appellant,
v.
LAWYERS TITLE INSURANCE AGENCY, INC., an Alaska Corporation,
Defendant-Appellee.
 No. 87-4430.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1991.*
Decided Aug. 26, 1991.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 New Alaska Development Corporation (NADC) appeals the district court's denial of summary judgment and grant of a stay. We affirm.
 
 
 3
 At the outset, we hold that the stay order is appealable under 28 U.S.C. § 1291. The district court stayed the federal litigation pending resolution of the concurrent state interpleader action. The federal action and the state interpleader action involve the identical issue of whether NADC is entitled to a return of its funds by Lawyers Title Insurance Agency, Inc. The stay means that there will be no further litigation in federal court, and the state court's judgment will be res judicata. Therefore, NADC was effectively out of court after the imposition of the stay, and the stay is appealable as a final judgment. See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 8-10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
 
 
 4
 In certain circumstances, a federal court may stay its proceedings when a concurrent state proceeding is pending for reasons of wise judicial administration. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). We review a district court's decision to order a stay under these circumstances for an abuse of discretion. Nakash v. Marciano, 882 F.2d 1411, 1413 (9th Cir.1989).
 
 
 5
 In evaluating the propriety of the stay, we examine a number of factors:
 
 
 6
 (1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; ... (4) the order in which the forums obtained jurisdiction[;] ... (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights.
 
 
 7
 Id. at 1415 (citing Colorado River and Moses H. Cone ).
 
 
 8
 While NADC's action arises under federal law, see 11 U.S.C. § 549(b), the district court did not have exclusive jurisdiction over it, 28 U.S.C. § 1334(b), and we have no reason to believe that the state court could not adequately protect NADC's rights.[1] The state interpleader action was filed first, and the purpose of the action was to consolidate all claims to the money in one lawsuit. It would defeat the purpose of an interpleader action to allow one claim to be litigated in another forum. Cf. 28 U.S.C. § 2361 (permitting federal courts in interpleader actions to enjoin related state court proceedings). Given these considerations, we cannot say that the district court abused its discretion in granting the stay.[2]
 
 
 9
 We need not reach the issue of whether the district court properly denied summary judgment. Because the stay was properly granted, it is irrelevant how the district court should rule on the merits; the issue will be resolved in the state court action.[3]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A stay of this sort would be improper if jurisdiction were exclusively federal. Silberkleit v. Kantrowitz, 713 F.2d 433, 436 (9th Cir.1983)
 
 
 [2]
 Although NADC argues that it has not been properly served and that personal jurisdiction may be lacking in Alaska state court, it has pointed to no evidence to that effect. It is, in any event, a matter that should be taken up with the state court, or with the district court if the stay is lifted and the issue of the effect of the state court judgment arises
 
 
 [3]
 In NADC's reply brief, it brings to our attention a number of events that have happened since the district court granted the stay. These later events are irrelevant to our decision as to the propriety of entering the stay. Nothing in our decision prevents NADC from making a motion in the district court to lift the stay in light of any state court dispositions