108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Snow HUME, Plaintiff-Appellant,
v.
James Don BANKHEAD; Michael C. Maynard; W.J. Wallis; Jan
Flory, a/k/a Janesse Boris; William Peter Godfrey; Unocal
Land & Development Company; Dennis Chapman; Darryl Woods;
Unocal Corporation; Bill Flory, Defendants-Appellees.
 No. 96-55890.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Snow Hume appeals pro se the district court's order staying his 42 U.S.C. § 1983 action pursuant to Colorado River Water Consrvn. Dist. v. United States, 424 U.S. 800, 817-19 (1976). Hume sued defendants for conspiracy, malicious prosecution, and abuse of process. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review for abuse of discretion. Nakash v. Marciano, 882 F.2d 1411, 1413 (9th Cir.1989). We affirm.
 
 
 3
 Hume contends that the district court abused its discretion by staying his section 1983 action, pending resolution of Hume's concurrent state court action for conspiracy and malicious prosecution. This contention lacks merit.
 
 
 4
 A district court may invoke Colorado River deference to state court proceedings only under exceptional circumstances. See Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1367-68 (9th Cir.1990); Nakash, 882 F.2d at 1415. Whether exceptional circumstances exist depends upon a consideration of various factors, including whether: (1) federal deference will avoid piecemeal litigation; (2) the state court obtained jurisdiction first; (3) state or federal law controls; (4) the state proceeding will adequately protect the parties' rights; (5) the state and federal proceedings are substantially similar; and (6) the plaintiff is forum shopping. See Nakash, 882 F.2d at 1415-17.[1]
 
 
 5
 Here, exceptional circumstances exist to support the district court's decision to stay Hume's federal action. First, prosecution of Hume's section 1983 action would likely lead to piecemeal litigation because, at the time Hume filed his federal action, the state court had already dismissed Hume's complaint without leave to amend.[2] Because Hume's federal claims are based primarily upon his state court action for conspiracy and malicious prosecution, see Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995) (stating that a section 1983 plaintiff alleging a due process violation based upon a claim of malicious prosecution must establish the elements of the underlying state tort),[3] the district court's resolution of Hume's federal action would involve "duplicating efforts and possibly reaching [a] different result[ ]" from that of the state court, Madonna, 914 F.2d at 1369. Accordingly, the first two Nakash factors support the district court's decision to stay its proceedings. See Nakash, 882 F.2d at 1415; cf. Madonna, 914 F.2d at 1369-70.
 
 
 6
 Second, Hume's state and federal actions are substantially similar because the record indicates that the federal litigation is a "spin-off" of Hume' state court action. See Nakash, 882 F.2d at 1416-17. As stated above, resolution of both actions hinges upon the adjudication of Hume's state court conspiracy and malicious prosecution claims. See Freeman, 68 F.3d at 1189; Johnson v. Barker, 799 F.2d 1396, 1399-1401 (9th Cir.1986). Third, Hume has not demonstrated that the state court cannot adequately protect his rights. See Nakash, 882 F.2d at 1415. Accordingly, the third, fourth, and fifth Nakash factors also support the district court's decision to stay its proceedings. See id. at 1415-17; cf. Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir.1993) (finding that a substantial doubt regarding whether resolution of concurrent state court proceedings would resolve issues raised in the federal action precluded a stay under the Colorado River doctrine).
 
 
 7
 Finally, the nature and timing of Hume's federal action indicates that Hume impermissibly sought to avoid the adverse state court ruling by forum shopping. See Nakash, 882 F.2d at 1417. Here, the state court dismissed Hume's amended complaint without leave to amend on March 29, 1996. Only five days later, Hume refashioned his state complaint into a nearly identical section 1983 action, and filed the federal complaint on April 3, 1996. Accordingly, we conclude that the last relevant Nakash factor also supports the district court's decision to stay its proceedings. See id.
 
 
 8
 Because we conclude that the district court properly considered and weighed the relevant Colorado River factors, we hold that the district court did not abuse its discretion by deferring consideration of Hume's section 1983 action, pending resolution of his concurrent state court action. See id. at 1415-17.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Two additional factors, which are not relevant here, are: (1) whether either court has assumed jurisdiction over the res; and (2) the relative convenience of the forums. Id. at 1415
 
 
 [2]
 Hume has appealed this dismissal to the state court of appeal, which has yet to render its decision
 
 
 [3]
 In California, a plaintiff suing for malicious prosecution must demonstrate that the prior criminal action "(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in ... plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice." Bertero v. National Gen. Corp., 529 P.2d 608, 613-14 (Cal.1974) (citations omitted)
 
 
 [4]
 We deny Hume's request to take judicial notice of a minute order from Hume's state criminal proceeding, because the document is not directly related to issues presented in this appeal. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992)