MEMORANDUM ***
Patricia and Daniel Fierle appeal from the district court’s order dismissing their complaint pursuant to the doctrine of Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
The district court did not abuse its discretion in applying the Colorado River factors. See Holder v. Holder, 305 F.3d 854, 870 (9th Cir.2002). As a threshold requirement, the federal and state court actions must be “substantially similar.” Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir.1989); see Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (“[Pjarallel state-court litigation [must] be an adequate vehicle for the complete and prompt resolution of the issues between the parties.”). Regardless of the Nevada Supreme Court’s ultimate decision, all of the Fierles’ claims are in some way before *142 it. Thus, the district court’s finding that the parallel state and federal actions were substantially similar was not an abuse of discretion.
The district court’s balancing of the other Colorado River factors is also consistent with applicable law. Particularly, the piecemeal litigation factor weighs in favor of abstention because the state court has already ruled on an issue, and a parallel federal action would be duplicative. As the state court proceeding has progressed further, the order in which jurisdiction was obtained by the concurrent forums weighs in favor of abstention as well. Finally, the Fierles’ decision to appeal the dismissal and file a new duplicative claim in federal court, rather than refile their complaint in state court, raises concerns of forum shopping, and the district court correctly weighed this factor in favor of abstention.
Nevertheless, “district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under Colorado River.” Coopers & Lybrand v. Sun-Diamond Growers of CA, 912 F.2d 1135, 1138 (9th Cir.1990). Because a stay avoids “speculative and difficult questions of state preclusion and limitations law,” Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 244 (9th Cir.1989), the district court should have granted a stay, rather than a dismissal, after determining that the Colorado River doctrine applies.
Each party shall bear its own costs on appeal.
AFFIRMED IN PART, VACATED IN PART AND REMANDED WITH INSTRXJCTXONS TO STAY THE MATTER.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.