
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN BITTER, individual and on behalf of a class of others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>RADIOSHACK CORP., a Delaware corporation,<br><br>        Defendant - Appellee. | No. 11-56057<br><br>D.C. No. 2:11-cv-01736-PA-VBK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 8, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Steve Bitter appeals the district court's order staying this putative class action pursuant to the *Colorado River* doctrine.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  We have jurisdiction under 28 U.S.C. § 1291, *Nakash v. Marciano*, 882 F.2d 1411, 1413 (9th Cir. 1989), and we affirm.

The district court did not abuse its discretion in ruling that the state court plaintiff's pursuit of mediation did not reflect a lack of diligence or suggest that the state proceeding was inadequate.  Nor did the district court err in concluding that the threat of piecemeal litigation weighed in favor of granting a stay because, contrary to Bitter's argument, certification of a federal class would not have terminated the parallel state court action. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008).

We also reject Bitter's contention that the district court erred in failing to consider Federal Rule of Civil Procedure 23 in applying the *Colorado River* doctrine.  Rule 23 governs the procedure for maintaining a federal action on behalf of a class, Fed. R. Civ. P. 23.  It does not apply to the antecedent question of whether a district court should stay the federal action in deference to a parallel state court action.  In any event, the *Colorado River* doctrine already takes into account

Rule 23's concerns about fairness, adequacy, and efficiency. *See* Fed. R. Civ. P. 23(a)(4), (b)(3); *Marciano*, 882 F.2d at 1415.

We grant Bitter's request, filed February 13, 2012, that this court take judicial notice of the Los Angeles Superior Court's case summary of the parallel state court action.

**AFFIRMED.**