**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA J. TAYLOR, a shareholder who is bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc., | No. 13-36043<br><br>D.C. No. 1:10-cv-00404-LMB |
| Plaintiff - Appellant, | MEMORANDUM* |
| v. | |
| HAWLEY TROXELL ENNIS & HAWLEY, LLP, an Idaho limited liability partnership; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Larry M. Boyle, Magistrate Judge, Presiding

Argued and Submitted December 7, 2015
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges and GLEASON,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, District Judge for the U.S. District Court
for the District of Alaska, sitting by designation.

Donna Taylor appeals the denial of a motion to lift a *Colorado River* stay in this derivative suit against AIA Services Corporation ("AIA Services"), its subsidiaries, certain of its board members, AIA Services' law firm Hawley Troxell Ennis & Hawley, LLP ("Hawley Troxell"), and certain Hawley Troxell attorneys including Richard Riley, arising from alleged corporate malfeasance and attorney malpractice. *See Colorado River Water Dist. v. United States*, 424 U.S. 800 (1976). In light of changed circumstances, we have jurisdiction, and we reverse.[1] The *Colorado River* doctrine stay orders are appealable under the collateral order exception to the general rule limiting appellate jurisdiction to orders issuing final judgments. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988)*; Nakash v. Marciano*, 882 F.2d 1411, 1413 (9th Cir. 1989). The order at issue here, entered in May 2013, stayed this case pending the outcome of an Idaho state court case, *Reed Taylor v. Riley, et al.* ("*Riley*"),[2] and is appropriate for our review because circumstances have changed and that appeal has been resolved.

---

[1] Donna Taylor also appeals a subsequent order denying her motion for reconsideration or, in the alternative, for bifurcation of her claims. We do not have jurisdiction to review such an interlocutory, non-final order.

[2] A *Colorado River* stay was initially entered in this case in 2011, pending the outcome of several state court cases. The 2013 order considered here was prompted by a motion by Donna Taylor to have the 2011 stay lifted. The 2011 order was not challenged or appealed.

*Riley* was filed in 2009 by AIA Services' former CEO, Reed Taylor, against attorneys who advised him in 1995 to enter a deal transferring his majority stake in AIA Services to a group of the company's directors, after the Idaho Supreme Court found the deal unenforceable. *Taylor v. AIA Services Corp.*, 261 P.3d 829 (Idaho 2011). These attorneys included Richard Riley and his then-employer, the law firm of Eberle Berlin. While the complaint also named Hawley Troxell—Richard Riley's subsequent employer, current counsel to AIA Services, and a party here—the *Riley* court in 2010 dismissed Hawley Troxell from the action with prejudice. At the time of the order before us, *Riley* was on a permissive, interlocutory appeal before the Idaho Supreme Court challenging the lower court's ruling that Riley and Eberle Berlin owed a duty of care to Reed Taylor.[3]

Thus (irrespective of whether we should still consider Hawley Troxell a party to this action), at the relevant moment, *Riley* and the present suit shared only Riley as a common party. Further, Donna Taylor's claims here revolve around post-1995 malfeasance by certain AIA Services directors since they took over Reed Taylor's

---

[3] The parties' reports on the status of all litigation arising from facts related to the present case suggest that sometime after the order on appeal here was issued, Reed Taylor appealed the Idaho state court's previous dismissal of certain causes of action against Hawley Troxell, and that a decision is pending. Hawley Troxell's dismissal from *Riley* was not subject to any challenge at the time the order on appeal here was filed, however.

majority stake. *Riley*, by contrast, concerns misconduct relating only to the 1995 deal and its lack of enforceability; and a judgment in Reed Taylor's favor would compensate only him.

Because of the present status of the *Riley* litigation and the fact that no exceptional circumstances warrant a stay, the "balance heavily weigh[s] in favor of the exercise of jurisdiction," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). We conclude that the district court erred in denying the motion to lift the stay.

**REVERSED AND REMANDED**. **EACH PARTY SHALL BEAR ITS OWN COSTS ON APPEAL.**