JURISDICTION
In federal court, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity of citizenship" when the amount in controversy exceeds $ 75,000. See Caterpillar Inc. v. Williams , 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $ 75,000 and each defendant must be a citizen of a different state from each plaintiff. See 28 U.S.C. § 1332 ; Diaz v. Davis (In re Digimarc Corp. Derivative Litig.) , 549 F.3d 1223, 1234 (9th Cir. 2008). Here, as all parties are residents of California, there is no diversity jurisdiction. However, the Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs plead claims under the Lanham Act, 15 U.S.C. 1125, et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.
DISCUSSION
Defendant's motion is two-fold. First, Defendant insists that this action must be stayed or dismissed under the Colorado River doctrine given the pendency of the state court action. Alternatively, Defendant moves to dismiss Plaintiffs' Lanham Act claim because the Act does not protect unlawful conduct and Plaintiffs' cannabis dispensary runs afoul of federal law. Because the Court concludes that the Colorado River doctrine applies, it is unnecessary to reach Defendant's secondary motion to dismiss.
I. Motion to Stay or Dismiss under the Colorado River Doctrine
A. Legal Standard
The Colorado River doctrine is "a form of deference to state court jurisdiction" and not a form of abstention. Coopers & Lybrand v. Sun-Diamond Growers of CA , 912 F.2d 1135, 1137 (9th Cir. 1990) ; see Colorado River Water Conservation Dist. v. United States , 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). "Under Colorado River , considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." Holder v. Holder , 305 F.3d 854, 867 (9th Cir. 2002) (internal quotation marks and citations omitted). "[T]he Colorado River doctrine is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id. (internal quotation marks omitted). The doctrine is properly applied only in "exceptional circumstances."[3]
*944 Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. , 460 U.S. 1, 19, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
1) Substantial Similarity Between the Actions
The threshold question when considering the Colorado River doctrine is whether the state and federal actions are "substantially similar." Nakash v. Marciano , 882 F.2d 1411, 1416 (9th Cir. 1989) ; see also Seneca Ins. Co., Inc. v. Strange Land, Inc. , 862 F.3d 835, 845 (9th Cir. 2017) ("sufficiently similar claims are a necessary precondition to Colorado River abstention"). "[E]xact parallelism" is not required. Nakash , 882 F.2d at 1416. Proceedings are substantially similar when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." Gallagher v. Dillon Grp. 2003-I , No. CV-09-2135-SBA, 2010 WL 890056, at *3 (N.D. Cal. Mar. 8, 2010) (internal citation and quotation marks omitted).
Here, the claims are substantially similar. Plaintiffs' first claim for relief under the Computer Fraud and Abuse Act is based on Defendant's unauthorized access to the POS system. (Dkt. No. 14 at ¶ 35.) In the state court action, Plaintiffs' fifth cause of action for misappropriation of trade secrets is based on Defendant's having "intentionally, maliciously and improperly appropriated information from UP's computer systems without authorization." (Dkt. No. 19-1 at 7.[4] ) Similarly, Plaintiffs' second claim for relief under the Lanham Act is predicated on Defendant's "misappropriation of the UP Domains." (Dkt. No. 14 at ¶ 42.) In the state court action, Plaintiffs' fifth cause of action is for conversion of UP's domain name and website and is based on Defendant having "misappropriated Plaintiffs' domain name and website after he resigned from UP. (Dkt. No. 19-1 at 6.)
At oral argument Plaintiffs conceded that the factual basis for these claims is identical. Plaintiffs nonetheless insist that the claims are not substantially similar because in this action they are seeking to vindicate their rights under federal law and they would be entitled to different remedies under federal law. But this is not the rule-state and federal proceedings are substantially similar if they arise out the same alleged conduct and seek to vindicate the same rights. See Montanore Minerals Corp. v. Bakie , 867 F.3d 1160, 1170 (9th Cir. 2017), as amended on denial of reh'g and reh'g en banc (Oct. 18, 2017) ("the state and federal proceedings are substantially similar because they both concern rights to the Subject Claims, name the same pertinent parties, and attempt to accomplish the same goal (namely, extinguishing the Defendants' rights to the Subject Claims)"); Brito v. New United Motor Mfg. , Inc., No. C 06-06424-JF, 2007 WL 1345197, at *3 (N.D. Cal. May 8, 2007) ("Courts of this district have held state and federal proceedings to be "substantially similar" when they arise out of the same alleged conduct" and collecting cases re: same). In both actions Plaintiffs are seeking to vindicate their rights to the domains and the UP computer system and their right to exclude Defendant from using or accessing the same.
2) The Colorado River Factors
Having determined that the claims here are substantially similar, the *945 Court turns to the eight factors courts are to consider when determining whether to grant a stay under Colorado River :
(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.
R.R. St. & Co. Inc. v. Transp. Ins. Co. , 656 F.3d 966, 978-79 (9th Cir. 2011) (internal footnotes omitted). These factors should be weighed in a "pragmatic, flexible manner with a view to the realities of the case at hand" and "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses , 460 U.S. at 16, 21, 103 S.Ct. 927. Factors that are irrelevant to the particular inquiry are disregarded.[5] See Nakash , 882 F.2d at 1415 n.6.
a) Desire to Avoid Piecemeal Litigation
"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." R.R Street , 656 F.3d at 979 (citing Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co. , 843 F.2d 1253, 1258 (9th Cir. 1988) ). "The mere possibility of piecemeal litigation does not constitute an exceptional circumstance. Instead, the case must raise a special concern about piecemeal litigation." Id. (internal quotation marks and citation omitted).
Here, given that the state action and this action involve Defendant's alleged misappropriation of the domain names and unauthorized access of the POS system, there is (1) an inherent risk of inconsistent results if both courts proceed with these claims at the same time, and (2) likelihood that whichever court decides the issue first will have a preclusive effect on the claims and/or issues pending before the other court. See Colorado River , 424 U.S. at 819, 96 S.Ct. 1236 (noting that the risk of inconsistent results between the two proceedings weighs in favor of a stay). Where "a judgment by either court would ordinarily be res judicata in the other, the existence of such concurrent proceedings creates the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first-a race contrary to the entire spirit of [the federal statute at issue] and prejudicial, to say the least, to the possibility of reasoned decisionmaking by either forum." Arizona v. San Carlos Apache Tribe of Arizona , 463 U.S. 545, 567-68, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983). So too here.
Accordingly, the piecemeal litigation factor weighs in favor of a stay given the early stage of both actions and the preclusive effect of a judgment by either court on the state claims and counter-claims, and vice versa, depending on which claims are decided first.[6]
*946 b) Order of Jurisdiction
"In determining the order in which the state and federal courts obtained jurisdiction, district courts are instructed not simply to compare filing dates, but to analyze the progress made in each case in a pragmatic, flexible manner with a view to the realities of the case at hand." See Seneca Ins. Co., Inc. v. Strange Land, Inc. , 862 F.3d 835, 843 (9th Cir. 2017) (internal citation and quotation marks omitted). Here, the state action was filed about five months before the federal action. While both actions are in relatively early stages, some discovery has occurred in the state action and Defendant has posted his non-refundable jury fees. (Dkt. No. 20.[7] ) Given that the state court first obtained jurisdiction over the claims here and that adjudication of the claims here presents a risk of inconsistent disposition of these claims, this factor weighs in favor of a stay. See Montanore , 867 F.3d at 1167 (concluding that this factor weighed in favor of a stay where "[t]he state court first obtained jurisdiction over the Subject Claims, and the parallel proceedings presented the risk of inconsistent dispositions of the Subject Claims.").
c) Whether Federal or State Law Provides the Rule of Decision
Federal law alone governs Plaintiffs' Computer Fraud and Abuse Act claim and the Lanham Act claim. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." Moses Cone , 460 U.S. at 26, 103 S.Ct. 927. However, "the source-of-law factor has less significance" where "the federal courts' jurisdiction ... is concurrent with that of the state courts." Id. at 25, 103 S.Ct. 927. Here, jurisdiction under the CFAA and the Lanham act is concurrent in state and federal court. See Duggan's Funeral Serv., Inc. v. Duggan's Serra Mortuary, Inc. , 80 Cal. App. 4th 151, 157, 95 Cal.Rptr.2d 253 (2000) ("in cases arising under the Lanham Act, the jurisdiction of federal and state courts is concurrent."); Steven J. From & Joseph A. Martin, Trade Secret Litigation , 798 Prac. L. Inst. 655, 679 (2004) ("The absence of any limitations on where...[CFAA] civil actions may be filed leaves open the possibility that State courts will have concurrent jurisdiction with the federal courts over such claims."). This potential for concurrent jurisdiction lowers the importance of this factor. Further, Defendant has offered to stipulate to Plaintiffs amending their state court complaint to include these claims and would waive removal should they do so. See Koval v. Pac. Bell Tel. Co. , No. C 12-1627 CW, 2012 WL 3283428, at *6 (N.D. Cal. Aug. 10, 2012) (concluding that the state court presented an adequate forum because the plaintiff could amend his complaint to add the FLSA claim and because "Congress has seen fit to invest state courts with the authority to hear such claims, this Court agrees that 'the California state court will surely be able to protect the rights of the Plaintiffs in this action.' ").
d) Adequacy of the Forum
This factor involves the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights. See Moses Cone , 460 U.S. at 26-27, 103 S.Ct. 927 (finding state proceedings might be inadequate because it was unclear whether state courts would compel arbitration under the Federal Arbitration *947 Act). This "factor is more relevant when it counsels against abstention." Seneca , 862 F.3d at 845. Plaintiffs have not argued that the state forum is inadequate, and as noted above, Plaintiffs may bring their CFAA and Lanham Act claims in state court. Accordingly, this factor weighs in favor of a stay.
e) Forum Shopping
"When evaluating forum shopping under Colorado River , we consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." Seneca , 862 F.3d at 846 (citing Nakash , 882 F.2d at 1417 ). Here, in contrast to cases where court has found that there was forum shopping, the state action was filed five months prior to this action and there is no suggestion that the state court ruled adversely to Plaintiffs prior to the filing of this suit; rather, the state court resolved the demurrer in Plaintiffs' favor. See, e.g. , Nakash , 882 F.2d at 1417 (holding that there was forum shopping where, after three-and-a-half years of litigation, the party on the losing side sought a "new forum for [its] claims"); Am. Int'l Underwriters , 843 F.2d at 1259 (finding forum shopping where, after two-and-a-half years, a party "abandon[ed] its state court case solely because it believe [d] that the Federal Rules of Evidence [we]re more favorable to it than the state evidentiary rules").
Defendant insists that Plaintiffs' decision to file the two actions in two different courts based on the same allegations "indicates that Plaintiffs did so with the goal of choosing a favorable court for each claim." (Dkt. No. 18 at 10:25-11:1.) Plaintiffs counter that they filed this action here because it raises exclusive federal claims. Generally, it "does not constitute forum shopping if a party "acted within his rights in filing a suit in the forum of his choice," Travelers Indem. Co. v. Madonna , 914 F.2d 1364, 1371 (9th Cir. 1990), even where "[t]he chronology of events suggests that both parties took a somewhat opportunistic approach to th[e] litigation." R.R. St. , 656 F.3d at 981. Some courts have found that this factor weighs in favor of a stay even where there is no affirmative evidence of forum shopping because "allowing a substantially similar federal action to proceed would likely encourage forum shopping." Gintz v. Jack In The Box, Inc. , No. C 06-02857 CW, 2006 WL 3422222, at *7 (N.D. Cal. Nov. 28, 2006). The Court is not persuaded that this consideration should tip either way given that the Ninth Circuit has urged courts to be "cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court." R.R. St. , 656 F.3d at 982.
Accordingly, the forum shopping factor is neutral here.
f) Substantial Similarity
The final factor the Court considers is whether the state court action will resolve all the issues here. A stay is appropriate "if [the court] has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.' " Gulfstream Aerospace Corp. v. Mayacamas Corp. , 485 U.S. 271, 277, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (quoting Moses Cone , 460 U.S. at 28, 103 S.Ct. 927 ). "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." Intel Corp. v. Advanced Micro Devices, Inc. , 12 F.3d 908, 913 (9th Cir. 1993).
The Court previously concluded that the claims here are substantially similar *948 as a threshold matter. Plaintiffs' insistence that the state court action will not resolve the federal claims because they are not pled there misconstrues the parallelism requirement. "Exact parallelism" is not required; rather, it is enough if the claims are "substantially similar." Nakash , 882 F.2d at 1416. In Nakash , the court concluded that the two actions were sufficiently parallel where they involved the same relevant conduct and named the same pertinent parties. Id. at 1416-17. Indeed, the parallelism requirement was met even though additional parties were named in the state suit, the federal suit included additional claims, and the suits arguably focused on different aspects of the dispute. Id.
Courts routinely grant motions to stay in Fair Labor Standards Act cases while the state court adjudicates state labor law claims based on the same allegations. See, e.g. , Koval v. Pacific Bell Telephone Company , No. 12-1627 CW, 2012 WL 3283428 (N.D. Cal. Aug. 10, 2012) ("Although the federal action cite violations of statutes not included in the state action, both actions assert similar factual allegations, and the "crux" of the cases is the same: whether or not Pacific Bell denied meal and rest period breaks to field personnel within California, resulting in damages of payment for work performed during those periods."); Gintz v. Jack In The Box, Inc. , No. C 06-02857 CW, 2006 WL 3422222, at *6 (N.D. Cal. Nov. 28, 2006) (same). This rationale applies equally here. Resolution of Plaintiffs' state court claims based on the same allegations alleged in this action will resolve the legal question of whether Defendant's conduct amounts to misappropriation and unauthorized use under state law. As such, there is no doubt-let alone substantial doubt-that resolution of the state claims will resolve the federal claims in this action. The Court will nonetheless stay, rather than dismiss this action, so "that the federal forum will remain open if for some unexpected reason the state forum.... turn[s] out to be inadequate." Montanore Minerals Corp. v. Bakie , 867 F.3d 1160, 1170 (9th Cir. 2017), as amended on denial of reh'g and reh'g en banc (Oct. 18, 2017) (internal citation and quotation marks omitted).
* * *
"Ultimately, the decision whether to dismiss a federal action because of parallel state-court litigation hinges on a careful balancing of the [relevant] factors ... with the balance heavily weighted in favor of the exercise of jurisdiction." R.R. St. , 656 F.3d at 983 (internal citation and quotation marks omitted). All of the factors here-except for the rule of law factor-weigh in favor of granting a stay or are neutral (in the case of the rem, convenience of the forum, and forum shopping factors). Given that the pending state court action addresses the same underlying allegations, staying the case promotes "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River , 424 U.S. at 817, 96 S.Ct. 1236 (internal citation omitted; alteration in original). The Court thus grants Defendant's motion to stay under Colorado River.
II. Motion to Dismiss the Lanham Act Claim
Because the Court grants Defendant's motion to stay, it is unnecessary to reach his Rule 12(b)(6) motion to dismiss the Lanham Act claim.
CONCLUSION
For the reasons stated above, the Court GRANTS Defendant's motion to stay and DENIES the motion to dismiss as moot.
*949 Within thirty days after resolution of the state action, the parties shall file a joint status report, or if there are issues that must be resolved regarding the federal claims, Plaintiffs may move to lift the stay and proceed with the remaining issues.
This Order disposes of Docket No. 18.
IT IS SO ORDERED.

"[D]istrict courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under Colorado River. " Coopers & Lybrand v. Sun-Diamond Growers of CA , 912 F.2d 1135, 1138 (9th Cir. 1990). This "ensures that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate," "conserve court resources," and avoid the risk of "mak[ing] premature and speculative legal findings about the preclusive effect of various possible state judgments in choosing between a stay and a dismissal." Attwood v. Mendocino Coast Dist. Hosp. , 886 F.2d 241, 243, 245 (9th Cir. 1989) (internal citation and quotation marks omitted).

Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

The first two factors are irrelevant to this case as there is no property at issue and both the federal and state forums are convenient.

Plaintiffs' insistence at oral argument that the preclusive effect of the judgment would only matter if Defendant prevailed in state court misapprehends the issue. If Plaintiffs prevail before the state court, any judgment that Defendant did not have a right to the domains or trade secrets at issue would have a preclusive effect on at least certain elements of Plaintiffs' claims here and any defenses Defendant might raise.

The Court GRANTS judicial notice of the fact that these jury fees were posted on April 5, 2018 because the fact is not disputed and is readily verifiable through a review of the state court register of actions. (Dkt. No. 19-13.)