**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULA THOMAS, et al., | No.  21-55069 |
| Plaintiffs-Appellants, | D.C. Nos. |
| v. | 2:17-cv-04158-JAK-PJW |
| | 2:20-cv-01740-JAK-PJW |
| THOMAS WYLDE, LLC, et al., | 2:20-cv-11599-JAK-AS |
| Defendants-Appellees. | MEMORANDUM* |

| | |
|---|---|
| PAULA THOMAS, et al., | No.  21-55124 |
| Plaintiffs-Appellants, | D.C. Nos. |
| v. | 2:17-cv-04158-JAK-PJW |
| | 2:20-cv-01740-JAK-PJW |
| STEPHEN CHOI, AKA Hillshore Investment, S.A. (Dummy Corporation), et al., | 2:20-cv-11599-JAK-AS |
| Defendants-Appellees. | |

Appeals from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 6, 2021[]
Pasadena, California

Before:  W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Plaintiffs-Appellants Paula Thomas, PDTW, LLC, and Thomas Wylde, LLC (Appellants), appeal from the district court's order denying Appellants' *ex parte* application for a temporary restraining order (Appeal No. 21-55124).  Appellants also challenge the orders granting a stay under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)[1]; denying Appellants' *ex parte* application to prohibit Richard Peddie, Esq. from representing Thomas Wylde, LLC; and denying Appellants' motion to disqualify Judge Kronstadt (Appeal No. 21-55069).

As discussed below, we lack jurisdiction over the denials of Appellants' *ex parte* applications.  We have jurisdiction under 28 U.S.C. § 1291 to decide the two remaining issues.

"Whether the facts of a particular case conform to the requirements for a *Colorado River* stay or dismissal is a question of law which we review de novo."

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] A *Colorado River* stay is usually granted when a parallel state court proceeding is pending.  *See R.R. St. & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011).

*United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021) (citation omitted). "If we conclude that the *Colorado River* requirements have been met, we then review for abuse of discretion the district court's decision to stay or dismiss the action. . . ." *Id.* (citation omitted). We also review for abuse of discretion a "decision not to disqualify a judge." *Thomassen v. United States*, 835 F.2d 727, 732 (9th Cir. 1987) (citation omitted). Applying these standards of review, we **DISMISS** Appellants' appeals in part and **AFFIRM** the district court's order in part.

**Appeal No. 21-55124**

We lack jurisdiction to consider the appeal of the district court's denial of Appellants' *ex parte* application for a temporary restraining order. The denial of an application for a temporary restraining order may only be appealed if the denial is "tantamount to the denial of a preliminary injunction." *Religious Techn. Center, Church of Scientology Int., Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (citations omitted). The district court's denial of the temporary restraining order in this case did not amount to the denial of a preliminary injunction because: (1) the denial did not follow a full adversarial hearing, and; (2) the denial did not "effectively foreclose[]" Appellants "from pursuing further interlocutory relief."

3

*Environmental Defense Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980) (order). This appeal is **DISMISSED** for lack of jurisdiction.

**Appeal No. 21-55069**

**1.** We lack jurisdiction to review the district court's decision denying Appellants' *ex parte* application to remove Richard Peddie as attorney for Appellee-Defendant Thomas Wylde, LLC. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) (so holding); *see also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1239 (9th Cir. 2006) (same). Appeal of this decision is **DISMISSED** for lack of jurisdiction.

**2.** The district court conducted a thorough analysis of each of the eight *Colorado River* factors before imposing the stay. *See R.R. St.*, 656 F.3d at 978-79 (articulating the factors). Having properly considered the factors, the district court acted within its discretion and we **AFFIRM** the imposition of the stay. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989).

**3.** Appellants maintain that Judge Kronstadt "engaged in behavior that is harassing, abusive, prejudiced, or biased." This argument completely lacks merit. No "reasonable person with knowledge of all the facts would conclude that [Judge Kronstadt's] impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citations omitted). An "adverse ruling is

not sufficient cause for" disqualification.  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted).  We **AFFIRM** the denial of Appellants' motion to disqualify Judge Kronstadt.

**Appeal No. 21-55124 is DISMISSED; Appeal No. 21-55069 is DISMISSED in part and AFFIRMED in part**.